08 CV 5097

JUDGE SULLIVAN

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: BARBARA A. WARD
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: 212-637-1048



RECEIVED
JUN 0 3 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    Plaintiff,

  -against-

$16,650 IN UNITED STATES CURRENCY,
and

ONE 2008 GOLD FORD F-150 EXTENDED
CAB LARIAT, VIN 1FTPW14538FA13715,

    Defendants in rem.

---

VERIFIED COMPLAINT

08 Civ.

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its Complaint alleges, upon information and belief, as follows:

I. JURISDICTION AND VENUE

    1.    This action is brought by the United States of America seeking forfeiture of $16,650 in United States Currency (the "Defendant Currency") and One 2008 Ford F-150 Extended Cab Lariat, VIN 1FTPW14538FA13715 (the "Defendant Vehicle") (collectively referred to hereafter as the "Defendants in rem"). The Defendants in rem are subject to

forfeiture as monies furnished or intended to be furnished in exchange for a controlled substance, and proceeds traceable to such an exchange, pursuant to 21 U.S.C. § 881(a)(6). The Defendant Vehicle is further subject to forfeiture as a conveyance used and intended for use to transport and to facilitate the transportation, sale, receipt, possession and concealment of a controlled substance, pursuant to 21 U.S.C. §§ 881(a)(4), and pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in transactions in violation of 18 U.S.C. §§ 1956 and 1957 and 984, and property traceable to such property.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

3. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of New York.

4. The defendants in rem are presently in the custody of the United States Marshals Service ("USMS") – the Defendant Vehicle at a storage facility in East Brunswick, New Jersey, and the Defendant Currency on deposit in the USMS Seized Asset Deposit Fund account at the Federal Reserve Bank, New York, New York.

## II. PROBABLE CAUSE FOR FORFEITURE

5. The Defendants in rem were seized following surveillance conducted on January 15, 2008 in the vicinity of Bruckner Boulevard at White Plains Road in Bronx, New York by members of the New York Drug Enforcement Task Force (the "Task Force"), comprised of Special Agents of the United States Drug Enforcement Administration

("DEA") and members of state and local law enforcement agencies. The information set forth in paragraphs six through eleven, below, is based on the observations made by members of the Task Force during that surveillance.

6. At approximately 3:20 p.m., the Defendant Vehicle, bearing Georgia License Plate No. ACB1172, entered the K-Mart parking lot on Bruckner Boulevard at White Plains Road. This area, in the experience of the Task Force and other law enforcement officers, is known for excessive criminal activity and narcotics trafficking. The Defendant Vehicle was distinctive, appearing to have a custom paint job, wheels and exhaust system as well as dark tinted windows.

7. The driver of the Defendant Vehicle was later identified as Richard Fitzroy Dennis ("Dennis"). No passengers were observed in the vehicle at this time. Shortly after entering the parking lot, the Defendant Vehicle signaled a black Infiniti sedan that was driving around the parking lot by beeping the horn as the Infiniti passed. The driver of the Infiniti parked alongside the Defendant Vehicle, and an unidentified black male got out of the Infiniti and approached the Defendant Vehicle on the passenger side. The unidentified male reached into the window of the Defendant Vehicle, removed a white shopping bag, and got back into the Infiniti with the bag. Both vehicles then left the parking lot. Due to heavy traffic in the area, the Task Force officers were unable to pursue either vehicle at that time.

8. At approximately 5:00 p.m., the Defendant Vehicle again drove through the K-Mart parking lot. This time the officers followed the Defendant Vehicle as it traveled out of the parking lot, onto I-95 North and I-287 West, and into the Merrill Lynch complex in the Town of Harrison, New York, where an individual later identified as Sophie Nicole Stewart ("Stewart") was picked up. Shortly thereafter, the Defendant Vehicle continued back onto I-287 East and I-95 South to New Rochelle, New York, where it entered the Costco Wholesale parking lot at One Industrial Lane.

9. At approximately 6:30 p.m., two individuals, later identified as Patrick Kirk Hill ("Hill") and Constance Yvonne Abrahams ("Abrahams"), came out of the Costco with two children and walked toward a blue 2007 Lexus ES350 bearing New York license plates. As Hill and Abrahams were putting their purchases into the trunk of the Lexus, the Defendant Vehicle came around and stopped adjacent to the trunk of the Lexus. Hill pulled a large black duffel bag out of the trunk of the Lexus and placed it into the back seat of the cab of the Defendant Vehicle.

10. At that point, Task Force officers approached the two vehicles. A strong odor of marijuana emanated from inside the Defendant Vehicle. Stewart, who was in the passenger seat, confirmed that it smelled like marijuana. Dennis, the driver, consented to a search of the Defendant Vehicle. The large black duffel bag in the back seat of the cab was removed and opened, revealing two large bundles of a compressed green leafy substance wrapped in clear plastic which the officers, based on their experience, identified as

marijuana. A large amount of U.S. currency was inside the center console of the Defendant Vehicle.

11. The Lexus was also searched upon consent. A large dark blue duffel bag removed from the trunk was empty, but had a strong odor of marijuana. Approximately $5,848 in cash was seized from Abrahams' hand bag.

12. The currency seized from the console of the Defendant Vehicle was later counted and totaled $16,650.

13. It was later determined the bags of suspected marijuana had an aggregate weight of approximately 37 pounds.

14. Dennis, Stewart, Hill and Abrahams were placed under arrest for criminal possession of marijuana in the First Degree, in violation of New York Penal Law 221.30. A criminal prosecution in state court is pending at the time of the filing of this Complaint.

15. Further investigation revealed that Dennis, the registered owner of the Defendant Vehicle, purchased the Defendant Vehicle for approximately $43,000 on or about October 31, 2007 from Quality Ford of Mount Vernon Inc. Dennis made a down payment of approximately $20,800, consisting of approximately $4,800 in cash and a Cashier's Check in the amount of $16,000, and financed the balance of the purchase price.

16. Dennis was convicted in 1995 in Bronx County Criminal Court of Criminal Possession of Marijuana in the Third Degree, a Class E felony.

17.     In or about January 1997, $5,005 in cash taken from Dennis was seized for forfeiture by the DEA Los Angeles Field Office. The money was forfeited to the United States pursuant to the federal drug forfeiture laws pursuant to a Declaration of Administrative Forfeiture issued by the DEA on September 8, 1997.

### III. FIRST CLAIM FOR FORFEITURE

18.     Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through seventeen of this Verified Complaint.

19.     Pursuant to 21 U.S.C. § 881(a)(6), all proceeds traceable to an exchange of a controlled substance in violation of Title 21, Subchapter I, of the United States Code, and all property traceable thereto, are subject to seizure and forfeiture to the United States.

20.     By reason of the foregoing, the Defendants in rem became, and are, subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(6), as proceeds traceable to an exchange of a controlled substance in violation of Title 21, Subchapter I, of the United States Code, and property traceable thereto.

### IV. SECOND CLAIM FOR FORFEITURE

21.     Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through seventeen of this Verified Complaint.

22.     Pursuant to 21 U.S.C. § 881(a)(4), all conveyances, including vehicles, that are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Title 21,

Subchapter I, of the United States Code, and all property traceable thereto, are subject to seizure and forfeiture to the United States.

23. By reason of the foregoing, the Defendant Vehicle became, and is, subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(4) as a vehicle used and intended to be used to transport and to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Title 21, Subchapter I, of the United States Code.

## V. THIRD CLAIM FOR FORFEITURE

24. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through seventeen of this Verified Complaint.

25. Title 18, United States Code, § 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of . . . section 1956 [or] 1957 . . . of [Title 18, United States Code], or any property traceable to such property."

26. Title 18, United States Code, Section 1956(a)(1), commonly known as the money laundering statute, imposes a criminal penalty upon any person who,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity–
>
> (A)  (i) with the intent to promote the carrying on of specified unlawful activity; or

    (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

 (B) knowing that the transaction is designed in whole or in part–

    (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

    (ii) to avoid a transaction reporting requirement under State or Federal Law.

27. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1) lists as an offense "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic or other dangerous drugs, punishable under any law of the United States."

28. Title 18, United States Code, Section 1957 imposes a criminal penalty upon any person who "knowingly engages in or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity."

29. "Criminally derived property" is defined by 18 U.S.C. § 1957(f)(2) to mean any property constituting, or derived from, proceeds obtained from a criminal offense.

30. By reason of the foregoing, the Defendant Vehicle is subject to forfeiture to the United States as property involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957, and property traceable to such property.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants in rem and that all persons having an interest in the Defendants in rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants in rem to the United States of America for disposition according to law and that this Court grant plaintiff such further relief as this Court may deem just and proper together with the costs and disbursements in this action.

Dated: New York, New York
   June 3, 2008

          MICHAEL J. GARCIA
          United States Attorney
          for Plaintiff United States of America

By: *[signature]*
    BARBARA A. WARD
    Assistant United States Attorney

DRAFT May 30, 2008 (2:53pm)

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

JOSEPH BOCHENEK, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA") and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof; and that the same is true to the best of his knowledge, information and belief.

The sources of deponent's information and the ground of his belief are official records and files of the DEA, and other law enforcement agencies and information obtained directly by deponent and other case agents during an investigation of alleged violations of Titles 18 and 21, United States Code.

_____
JOSEPH BOCHENEK
Special Agent
Drug Enforcement Administration

Sworn to before me this
30th day of May, 2008

_____
Notary Public

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010